FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 APR -4 AM 10: 27

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID YOUNG,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV605-104

JAMES E. DONALD; HUGH SMITH;
STEVE ROBERTS; JOHN W. PAUL;
STEVE DUPREE; ALBERT PORTER;
TOMMY L. JONES, and LISA WATERS,

    Defendants.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Defendants have filed Objections (Doc. No. 81). In their Objections, Defendants contend that they are entitled to summary judgment on the merits of Plaintiff's deliberate indifference claim, because Plaintiff allegedly cannot meet the subjective or objective prong of his claim. Defendants further contend that they are entitled to the defense of qualified immunity, and that they cannot be held liable on the grounds of respondeat superior.

First, it is clear that Plaintiff presented evidence creating genuine issues of material fact as to both the subjective and objective components of his deliberate

indifference claim. In their Objections, Defendants aver that they submitted the findings of Georgia State Prison's Environmental Health and Safety Specialist, allegedly establishing the adequacy of air flow at Georgia State Prison. (Doc. No. 81, p. 3). Defendants assert that Plaintiff's submission of two inmate affidavits, which state that tobacco sales were suspended during certain air flow tests, does not support Plaintiff's claim that the air flow tests conducted are unreliable. Defendants contend that while their tests were "performed by a professional with seventeen years of experience in airflow testing," Plaintiff, whom Defendants note has, not surprisingly, "no experience in airflow testing," makes only conclusory and unsubstantiated allegations that the tests are invalid. (Doc. No. 81, p. 5). However, the Court finds that the tests submitted by Defendants, combined with the affidavits submitted by Plaintiff which question the validity of the prison's air flow tests, create factual issues as to whether Plaintiff was exposed to unreasonably high levels of ETS that require determination by a jury.

As to the subjective prong of Plaintiff's claim, Defendants contend that they had no reason to believe that the airflow at GSP was inadequate, and that the "totality of the evidence" shows that they were not deliberately indifferent to Plaintiff's serious medical needs. (Doc. No. 81, p. 6). This Court cannot agree, and instead must concur with the Magistrate Judge's determination that a genuine issue of material fact exists as to whether Defendants knew of and disregarded a serious risk to Plaintiff's health.

Defendants also contend that they are entitled to the defense of qualified immunity because they had no "'fair warning' that housing the Plaintiff in a prison that had excellent airflow and an enforced no-smoking policy would violate his constitutional rights. . . ." (Doc. No. 81, p. 7). Defendants' objections on this point, which mirror their

summary judgment contentions, are without merit. As the Magistrate Judge concluded, summary judgment based upon qualified immunity would be inappropriate. Based on pre-existing law, Defendants had fair and clear warning that their *alleged* conduct was unlawful. See Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993) ("a cause of action exists under the Eighth Amendment when a prisoner alleges that officials have, with deliberate indifference, exposed him to levels of environmental tobacco smoke that pose an unreasonable risk of serious damage to his future health."); Young v. City of Augusta, Ga., 59 F.3d 1160, 1169 n.17 (11th Cir. 1995) ("[t]he Eighth Amendment prohibits state caretakers from intentionally delaying medical care or knowingly interfering with treatment once prescribed."). Given Plaintiff's version of the events, Defendants are not entitled to qualified immunity.

Finally, Defendants assert that Plaintiff attempts to hold Defendants Donald, Smith, Paul, Dupree, and Porter liable merely on the ground of respondeat superior. (Doc. No. 81, p. 7). The Court, however, concurs with the Magistrate Judge's determination that a genuine issue of material fact exists as to whether "widespread abuse" existed so as to establish a causal connection between these Defendants' conduct and the alleged constitutional violations.

Defendants' objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of this Court. Defendants' Motion for Summary Judgment (Doc. No. 69) and Plaintiff's Motion for Summary Judgment (Doc. No. 60) are hereby **DENIED**.[1]

SO ORDERED, this 4 day of April, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Subsequent to the filing of Plaintiff's Complaint, the Eleventh Circuit elaborated on the potential claims at issue when a plaintiff complains of exposure to environmental tobacco smoke:
> The Eighth Amendment violation described in Helling and Hicks is distinct from the Eighth Amendment violation we described in [Brown v. Smith ("Brown I"), 45 Fed. Appx. 885 (11th Cir. 2002)]. Under Helling, an Eighth Amendment violation occurs when prison officials, acting with deliberate indifference, expose a prisoner to levels of ETS that pose an unreasonable risk of serious damage to his future health. 509 U.S. at 35, 113 S. Ct. at 2481. The Eighth Amendment violation we described in Brown I occurs when state caretakers intentionally fail to follow a physician's prescribed course of treatment for an inmate's serious medical condition. 45 Fed. Appx. 885. [Plaintiff], we explained, "alleges that [Defendants] intentionally interfered with his physicians' request that he be housed in an environment free of ETS by continually and intentionally placing him in environments where ETS was common." Id.

Brown v. Smith, 187 Fed. Appx. 947, 949-950 (11th Cir. 2006). Thus, there are two distinct deliberate indifference claims at issue on facts such as those presented by Plaintiff: (1) a Helling claim that prison officials exposed him to unreasonably high levels of ETS; and (2) a Young v. City of Augusta, Ga., 59 F.3d 1160, 1169 n.17 (11th Cir. 1995), claim that prison officials knowingly interfered with a physician's prescribed course of treatment for his serious medical condition. This distinction, of course, creates no novel Eighth Amendment claim. There are several ways in which a plaintiff can demonstrate that a defendant's response to a serious medical need was deliberately indifferent, and this distinction merely highlights two means potentially implicated in a claim that a plaintiff has been exposed to ETS. The Court here simply notes that to the extent Plaintiff asserts a claim that Defendants knowingly interfered with physicians' prescription that he be housed in a smoke-free environment, such a claim would present genuine issues of material fact precluding summary judgment as well.