UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID YOUNG,

    Plaintiff,

v.              605CV104

JAMES E. DONALD, *et. al.*,

    Defendants.

## ORDER

42 U.S.C. § 1983 inmate-plaintiff David Young brought this Environmental Tobacco Smoke case that is currently scheduled for a 12/4/07 trial. Doc. ## 1, 91. Young moves the Court to exclude any mention of his witness's criminal records, contending that such information "is irrelevant to the case at hand." Doc. # 97 at 1.

This Court recently explored the issue, through the prism of F.R.Evid. 403 and 609, in *Lofton v. Smith*, 2007 WL 2725869 (S.D.Ga. 9/12/07) (unpublished) and *Shaw v. Dodson*, 2007 WL 2462637 (S.D.Ga. 8/27/07) (unpublished). "For a *witness*, a prior conviction comes in if its probative value is not substantially outweighed by the danger of unfair prejudice." *Lofton*, 2007 WL 2725869 at * 1. Within that framework, this Court pointed out, is the "dishonesty" dividing line:

> Where the crime "involved dishonesty or false statement, regardless of the punishment," Rule 609 admits evidence of the conviction without any balancing test. FRE 609(a)(2). In *McHenry v. Chadwick* 896 F.2d 184 (6th Cir.1990), the court explained that, under Rule 609(a)(2), "[a]lthough evidentiary issues are generally within the broad discretion of the trial judge, the admission of prior convictions involving dishonesty is not," even if the conviction was for a misdemeanor. 896 F.2d at 189.

> *U.S. v. Mamdouh*, 2007 WL 1556668 at * 1 (E.D.Mich. 5/30/07) (unpublished) ("An unauthorized recording for commercial advantage or private financial gain is as inauthentic and misrepresentative as counterfeit money is. It is, at its core, dishonest and a pretender to the real thing. Because Defendant's conviction involved dishonesty or false statement, it is therefore admissible under Rule 609(a)(2)") (quotes, cite and footnote omitted).

In that regard, a Rule 609(a)

> impeachment of a witness with a prior conviction is usually limited to the essential facts of the conviction rather than the surrounding details of the conviction. But a consensus has emerged among courts that a greater inquiry into the essential facts surrounding the conviction is permitted where the witness opened the door to additional inquiry by attempting to "explain away" the conviction or minimize its significance. *See United States v. Swanson*, 9 F.3d 1354, 1358 (8th Cir. 1993) (permitting cross-examination into details of defendant's guilty plea where he testified as to the detailed circumstances on direct); *United States v. Robinson*, 8 F.3d 398, 410 (7th Cir. 1993) (allowing prosecutors to delve into details of a conviction only after defendants do "much more" than admit having a prior conviction); *United States v. Butler*, 924 F.2d 1124, 1131 (D.C.Cir. 1991) (allowing prosecutor to impeach defendant's attempts on direct examination to minimize his prior conviction).

*Tri-State Hosp. Supply, Inc. v. U.S.*, 471

F.Supp.2d 170, 174 (D.D.C. 2007) (quotes and cite omitted). So, if one of the witness's convictions can be admitted under the Rule, and he admits his conviction unequivocally, the Court will bar any inquiry into the circumstances of his conviction. Conversely, quibbling may be costly.

Accordingly, the Court *DENIES* plaintiff David Young's motion in limine, doc. # 97, though at trial he may object to the defendants' impeachment questions to the extent they deviate from the constrictions set forth *supra*.

This  28  day of November, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA